UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

Quintin Mayweather-Brown,

    Plaintiff,

v.

Brad Rodgers, et al.,
    Defendants.

Case No. 3:16-CV-444 JVB

**OPINION AND ORDER**

    Quintin Mayweather-Brown, a pro se prisoner, filed a complaint against ten defendants based on events which occurred as a part of his arrest and incarceration in Elkhart County Jail on and immediately following March 20, 2014. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. Here, the complaint is untimely because it was filed after the expiration of the statute of limitations.

    Indiana's two-year limitations period applies to this case. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). The clerk received the complaint on July 5, 2016. However, Mayweather-Brown is entitled to the mailbox rule because he is incarcerated. *See Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001). Here, the complaint is dated March 10, 2016, but it is clear that it was not mailed on that day because it was enclosed with an in forma pauperis petition signed on June 2, 2016. In addition, the enclosure had a copy of his inmate ledger printed on June 2, 2016. Hence, the earliest that the Complaint could have been mailed was June 2, but that's nearly three months after the statute of limitations expired.

Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt.* 559 F.3d 671, 674 (7th Cir. 2009). Therefore, these claims are untimely and the case must be dismissed.

Nevertheless, because he may have claims against one or more of the defendants on the basis of the events described in this complaint which occurred within two years before he mailed this complaint, he may file an amended complaint limited to such claims. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). A copy of this court's approved complaint form---Prisoner Complaint (INND Rev. 8/16)---is available in his prison law library. In the amended complaint (if he files one), Plaintiff needs to state when he mailed the original complaint in this case. He also needs to clarify when each event happened in 2014 which gives rise to his remaining claims.

For these reasons, the court **GRANTS** Quintin Mayweather-Brown until January 4, 2017, to file an amended complaint; and **CAUTIONS** him that, if he does not respond by that deadline, this case will be dismissed without further notice because the current complaint is untimely.

SO ORDERED on November 23, 2016.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE