# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| Quintin Mayweather-Brown,<br><br>              Plaintiff,<br><br>              v.<br><br>Brad Rodgers, et al.,<br>              Defendants. | Case No. 3:16-CV-444 JVB |

## OPINION AND ORDER

Quintin Mayweather-Brown, a pro se prisoner, filed a complaint attempting to raise claims which arose on and immediately following March 20, 2014. In a previous order (DE 6), the court concluded the original complaint (DE 1) in this case was filed after the statute of limitations. Though that complaint was dated March 10, 2016, it could not have been mailed before June 2, 2016, because it was sent with an in forma pauperis motion which was signed on June 2, 2016, and enclosed with an inmate trust fund ledger which was also dated June 2, 2016. Pursuant to *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), Mayweather-Brown was granted leave to file an amended complaint. He was instructed that he needed to state when he mailed the original complaint in this case and to clarify when each event happened in 2014 which gave rise to his remaining claims. In response, rather than filing an amended complaint, he filed a motion to correct error.

This motion (DE 7) says nothing about when the original complaint (DE 1) in this case was mailed. Therefore he has not disputed that it was mailed on or after June 2, 2016. It also says nothing about when any of the events giving rise to his claim occurred. Therefore he has not disputed that they arose on or immediately following March 20, 2014. Based on these undisputed facts, the complaint in this case is untimely because it was filed after the statute of limitations.

Nevertheless, the motion argues that this is not the first time that he has tried to raise these claims. He is correct. In *Mayweather-Brown v. Rodgers*, 3:14-CV-1846 (N.D. Ind. filed September 8, 2014), he sued Stephany Biggler, Brad Rodgers, Officer White, and Sgt. Whitmer. He alleged that on March 20, 2014, while he was a pretrial detainee at the Elkhart County Jail, Officer Whitmer and Officer White transported him into the booking area on a backboard after he had attempted to hang himself. While they were working to remove his clothing, he spoke to Lt. Biggler, but she did not respond. When Officer Whitmer and Officer White took him off the backboard and attempted to remove his underwear, Mayweather-Brown was able to free one hand in an attempt to remove them himself. As a result, they forced him to the floor and one of them punched him in the face. Stephany Biggler and Brad Rodgers were dismissed, but he was granted leave to proceed against Officer White and Sgt. Whitmer. On August 31, 2015, the case was dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) because Mayweather-Brown did not respond to an order to show cause explaining why he had not filed a status report. Neither the order to show cause (mailed on July 24, 2015) nor the order of dismissal and judgment (mailed September 1, 2015) were returned undeliverable to the court. Mayweather-Brown has not filed anything in 3:14-CV-1846 since that judgment was entered more than a year ago.

In the current case, Mayweather-Brown appears to argue that, because he has previously sued based on these same events, the statute of limitation was extended. In this case, Mayweather-Brown is suing ten defendants, including three he previously sued in 3:14-CV-1846. As to those three, final judgment was entered and the claims against them are barred by res judicata. As for the other seven who were not named in 3:14-CV-1846, the deadline for bringing these claims was not extended by that case and these claims are barred by the statute of limitations. In any case, Mayweather-Brown's claims are frivolous.

For these reasons, the motion to correct error (DE 7) is **DENIED** and this case is **DISMISSED** as legally frivolous pursuant to 28 U.S.C. § 1915A.

SO ORDERED on December 16, 2016.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE